**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANDREA L. MANCUSO,
Plaintiff-Appellant,

v.                                                              No. 96-2859

GUEST SERVICES, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-96-512-A)

Argued: June 4, 1997

Decided: August 19, 1997

Before RUSSELL and NIEMEYER, Circuit Judges, and
TILLEY, United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Michael Bredehoft, CHARLSON & BREDEHOFT,
P.C., Reston, Virginia, for Appellant. Carol Connor Flowe, ARENT,
FOX, KINTNER, PLOTKIN & KAHN, Washington, D.C., for
Appellee. **ON BRIEF:** Elaine C. Bredehoft, Linda M. Jackson,
CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Appellant.
Stephen B. Forman, Deborah L. Hirsch, ARENT, FOX, KINTNER,
PLOTKIN & KAHN, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrea Mancuso sued her employer, Guest Services International ("G.S.I.") for sexual harassment, retaliatory discharge and related state-law claims. The district court granted summary judgment in favor of G.S.I., and Mancuso appeals.

During her entire three-month tenure as an internal auditor with G.S.I., Mancuso worked closely with her supervisor, Andy Anderson. Their jobs required them to take business trips together to various resort properties and national parks where G.S.I. operated businesses. Mancuso alleges that during these trips and at other times, Anderson made improper sexually suggestive remarks, and on at least two occasions touched her inappropriately.

During the last touching incident, Mancuso strongly rebuffed Anderson. One week later, Anderson arranged a meeting between himself, Mancuso and Holly Burke, G.S.I.'s personnel manager. Burke counseled Mancuso concerning the length of her skirts and her attitude towards her coworkers. The next day, Anderson informed Mancuso that Burke and G.S.I.'s upper management had decided to terminate her because of her inappropriate dress, her insubordination, and her interaction with Burke the day before.

On June 8, 1995, two days <u>after</u> her termination, Mancuso met with Burke and Willie Rodriguez, Anderson's supervisor, to request reinstatement and complain about Anderson's inappropriate touching and comments. This was the first time Mancuso informed anyone at G.S.I. about her problems with Anderson. G.S.I. declined to reinstate Mancuso, and she filed the instant lawsuit.

On G.S.I.'s motion for summary judgment, the district court found that Mancuso's allegations did not create a sufficiently hostile envi-

2

ronment on which to base a Title VII claim.* The district court also found that Anderson did not make the decision to fire Mancuso. Furthermore, the district court found that because Mancuso did not complain about Anderson's behavior until after her firing, her firing could not have been in retaliation for her complaint. In response to Mancuso's assertion that her firing was in retaliation for rebuffing Anderson's advances, the district court noted that Mancuso offered no evidence that Anderson orchestrated her firing. Based on these findings, the district court ruled that Mancuso's Title VII claims could not withstand summary judgment.

Mancuso also asserted two state law claims. The district court rejected her claim that her termination violated Virginia's public policy. Virginia requires a plaintiff to have a viable Title VII action to pursue this type of state claim. Because the district court rejected Mancuso's Title VII claims, it also rejected this state law claim.

Finally, the district court ruled that Mancuso's state law claim against G.S.I. for intentional infliction of emotional distress failed because Mancuso did not allege conduct that was"extreme and outrageous." We have reviewed the record, the parties' briefs and heard oral argument in this case. We find no error by the district court, and affirm its judgment based on the reasoning found in its Memorandum Opinion in this matter.

AFFIRMED

_____
*See 42 U.S.C.A. §§ 2000e to 2000e-5 (West 1994 & Supp. 1997) (prohibiting sexual harassment and giving private cause of action to harassment victims).

3